**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ORTIZ DIAMOND II, | No. C-15-3291 EMC |
| Plaintiff, | |
| v. | **ORDER RE INCOMPLETE IFP APPLICATION AND ORDER TO SHOW CAUSE** |
| CITY OF LOS ANGELES, *et al.*, | |
| Defendants. | |

Angel Ortiz Diamond II, proceeding pro se, has filed suit against multiple defendants, including the City of Los Angeles, the County of Los Angeles, MacDonald Corp., and a MacDonald franchise. Mr. Diamond has asked for leave to proceed *in forma pauperis* ("IFP"). The Court has reviewed Mr. Diamond's application to proceed IFP as well as his complaint. Based on this review, the Court hereby orders Mr. Diamond as follows.

(1) Mr. Diamond's application to proceed IFP is incomplete. He has not, for example, provided complete answers to the following questions: No. 1 (identity of employer and gross and net salary or wages); No. 2 (amount of money received from each source of money); No. 7 (balance in bank account and other assets); No. 9 (debts); and No. 10 (other lawsuits). The Court cannot rule on the application without complete information. Accordingly, the Court orders Mr. Diamond to file a *complete* application by **August 6, 2015**. **If Mr. Diamond fails to file a complete application by this date, then the Clerk of the Court shall automatically dismiss his case, without prejudice.**

(2) Given his address, Mr. Diamond appears to reside in Los Angeles. Furthermore, the events described in his complaint all appear to have taken place in Los Angeles. Most of the

defendants also appear to reside in Los Angeles. Given these circumstances, the Court orders Mr. Diamond to show cause as to why his case should not be transferred to the Central District of California, where Los Angeles is located.[1] *See generally* 28 U.S.C. § 1391(b) (providing that venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action"); *cf. Costlow v. Weeks*, 790 F.2d 1486, 1487-88 (9th Cir. 1986) (stating that, "[i]n the absence of a waiver [of an improper venue argument by defendant], we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion"). Mr. Diamond's response to this order to show cause shall also be filed by **August 6, 2015**. **If Mr. Diamond fails to file a response, this may result in a transfer of his case to the Central District of California.**

IT IS SO ORDERED.

Dated: July 16, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[1] Although not entirely clear, it may be that there is already an action pending in the Central District of California. In his complaint, Mr. Diamond states, *inter alia*: "ON MONDAY AFTER-NOON, MARCH, 30, 2015, AT ONE THIRTY P.M., THE DISTRICT COURT ISSUE[D] [ITS] SCHEDULING ORER INCLUDING THE PARAMTER RELATING TO DISCOVERY, CREATING AN URGENT EXIGENCY." Docket No. 1, at 6-7 (complaint).

2